STATE OF VERMONT

VERMONT ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re Appeal of Concerned Citizens | } | Docket No: 205-11-99 Vtec |
| of West Shore Road | } | |
| | } | |

### Order on Appellee-Applicants' Motion for Summary Judgment

Appellants are represented by Mark E. Naud, Esq.; Appellee-Applicants William Willey and Constance Willey are represented by Elizabeth M. Demas, Esq. and Bruce D. Baker, Esq.; a group of intervening interested parties[1] supporting the application is represented by George E. Taft, Esq.; other intervening interested parties[2] supporting the

---

[1]David Brownell, Eugene Brownell, Jacqueline Brownell, Gerritt Crowley, Nancy Crowley, Susan M. Crowley, William Drzyzga, Deborah Drzyzga, Fred Dubuque, Sharon Dubuque, Stacy Dubuque, Marion Farnham, George D. Fowler, Randy Gilbeau, Rodney Grimes, Koreen Grimes, James D. Hedbor, Gwen E. Hutchins, Daniel Kressor, Heather Kressor, Joan Magiera, Darlene A. McGrath, Jay Purvis, Frederick Reus, Cecile Reus, Mark Rocheleau, Bonnie Rocheleau, Florence A. Stevens, Joseph Toth, Gary Tourville, Kenneth E. Tourville, Jacqueline Ward, Harriet D. Wright, M. Keith Wright, and Paul Wright.

[2]John L. Branch, Barbara Branch, Ray Cannon, Roberta Cannon, Charles Carver, Scott R. Dragon, Sharron Greer, Elizabeth Gustin, Robert Harriman, Donna Harriman, Nancy Jill Hazen, Robert Hemingway, Bernadette Hemingway, Mark

application represent themselves. Of this latter group, Mr. John Roy has been participating in pretrial proceedings as a representative of the others, to facilitate communication with the Court and the other parties. The Town of South Hero has not entered an appearance in this matter.

In a pretrial conference and motion hearing held at the Grand Isle County Courthouse in North Hero on March 14, 2000, the Court granted the motions to intervene of the persons listed in footnotes 1 and 2 above, and dismissed all other petitioners for interested party status. The Court also granted in part Appellee-Applicants' motion to compel responses to certain interrogatories regarding Appellants individual qualifications for party status and regarding Appellants' grounds for this appeal.

At a telephone conference held on March 31, 2000 , the Court set a schedule for the briefing of the motion for summary judgment filed by Appellee-Applicants on March 6, 2000, and set deadlines for the responses to certain interrogatories.

Appellants' Statement of Questions stating the issues raised in this de novo appeal were phrased in terms of whether the South Hero Planning Commission erred in its decision. As the appeal is de novo, the Court does not examine whether the Planning Commission erred, but rather will determine the two questions sitting in place of the Planning Commission. Viewed in this light, the Court must determine first whether the application is complete under the standards of §508 of the Zoning Regulations, and whether the conditions and safeguards imposed by the Planning Commission should be imposed by the Court or should be changed in any way.

---

Lawrence, Stephen Lawrence, John McGovern, Nancy McGovern, Robert Nadal, Robert Parish, Mary Parish, Heather M. Perron, Cecile Roy, John Roy, Robert Stevens, Michael Tetrault, Cindy Tetrault, Hobart Tracy, and Keith Wright.

Appellee-Applicants do not seem to have posed requests to admit to the Appellants, which could help to narrow the site plan criteria applicable to this appeal. However, Appellants' answers to Interrogatories 8 through 14 suggest[3] that Appellants are concerned more with the impact of the off-site catering from the so-called commercial kitchen, rather than with the on-site functions considered and specifically regulated under the Planning Commission's decision. That is, Appellants do not suggest that the conditions and safeguards imposed by the Planning Commission were inadequate to address the proposed on-site functions. Regardless of whether the Planning Commission considered the off-site use of the kitchen, it appears that Appellants at least wish to cross-examine Appellant-Applicants' witnesses as to the off-site catering. It is not clear whether they will have witnesses or evidence to present on that topic themselves. It is clear that material facts are in dispute as to whether Appellant-Applicants' intended use of the kitchen for off-site catering will have any effect on any of the factors to be considered in site plan approval, that is, pedestrian and vehicular access and circulation, parking and landscaping, screening, utilization of renewable energy resources and other similar site factors. Accordingly, Appellee-Applicants' Motion for Summary Judgment is DENIED, without prejudice to Appellee-Applicants' posing requests to admit or expert interrogatories in preparation for the hearing. The Court will consider any proposed abbreviated schedule for such requests to make it possible to use the hearing date now reserved for this matter.

This matter is set for the hearing on the merits of the application on Thursday, May 25, 2000, at the Costello Courthouse on Cherry Street in Burlington. The parties agreed to this location because the Courthouse in North Hero will be in use for other matters during the entire month of May, and the judges are unavailable in the first full week of June. In addition, the parties shall submit requests for findings and any memoranda so that they are received by the Court and the other parties on or before Monday, May 22, 2000, to enable the Court to rule on this application from the bench at the conclusion of the hearing.

---

[3] If this is so, it may be possible to narrow the scope of the hearing to the off-site catering proposed from the kitchen.

Dated at Barre, Vermont, this 24th day of April, 2000.


_____
Merideth Wright
Environmental Judge